## B. LOWENSTEIN & BRO. v. W. B. POWELL.

1. ATTACHMENT.  *Code* 1880, § 2435.  *Laws* 1884, p. 76.  *Appeal.  Proceedings in personam.*

    By § 2435, code 1880, plaintiff in attachment, to preserve his lien, must perfect an appeal within five days after the term of court at which a judgment has been rendered discharging the attachment; and by the act of March 11, 1884, when an attachment issue is found for the defendant, the suit itself is abated.  Under these statutes when an unsuccessful plaintiff has failed to appeal within the five days, thereby losing his right to proceed *in rem,* he may nevertheless have an appeal, with the view of prosecuting the suit *in personam,* if he should secure a reversal.

2. PEREMPTORY INSTRUCTION.  *Question for jury.*

    If there is any evidence supporting or tending to support the grounds of an attachment and upon which the jury might find for the plaintiff, it is error to give a peremptory instruction for defendant.

FROM the circuit court of the second district of Hinds county.

HON. J. B. CHRISMAN, Judge.

The appellants, B. Lowenstein & Bro., sued out an attachment against the appellee, W. B. Powell.  The defendant filed a plea in abatement traversing the grounds of attachment, and on the trial of the issue raised by this plea, the court instructed the jury to find

for defendant.  Thereupon judgment was entered discharging the attachment, and plaintiffs and sureties on the attachment bond were taxed with the costs of the suit.  A third person had interposed a claim for the attached property.

On the 15th of September, 1890, more than five days after the term at which judgment was rendered, the plaintiffs gave bond and prosecuted this appeal.

Section 2435 °of the code of 1880 is as follows :  " If the plaintiff, within five days after the expiration of the term of the court at which judgment is rendered discharging his attachment, shall perfect an appeal from such judgment, the attachment shall not be discharged, nor garnishees nor property be released therefrom by such judgment, but such appeal shall preserve the attachment in full force, to await the result of the appeal."

And section 3 of the act of March 11, 1884, provides :  " That whenever the issue joined upon a plea in abatement of any writ of attachment shall be found for the defendant, the judgment of the court shall be that the defendant recover of the plaintiff and his sureties the amount of the damages assessed by the jury and costs, that the suit as well as the writ shall abate."   Laws 1884, p. 76.

*E. E. Baldwin*, for appellant.

It is submitted that the plaintiffs made out a *prima facie* case of fraud, and that upon the evidence the case should have been submitted to the jury.   The sale of land to appellee's wife and the retention of his part of the purchase-money ; his statement to the witness, Mims, that he would pay the debt, and his failure so to pay it when he had the money ; the sale of the goods that were attached and the defendant's cotton shortly after the sale of the lands to his wife ; the pretended payment of an exaggerated debt to his mother ;—all these were facts upon which the plaintiffs were entitled to go to the jury.   It will be remembered, too, that a great deal of the evidence upon which plaintiff relied was found in the defendant's books.

The rule is that whenever circumstances are proven from which, if left unexplained, fraud can be inferred, it is improper to exclude

the evidence.  *Pickard* v. *Samuels*, 64 Miss. 822, is similar to this case, and should govern in its decision.

*C. M. Williamson* and *D. S. Fearing*, for appellees.

1. To sustain the charge of fraud the account of Mrs. C. A. Powell, as found upon the books of defendant, was introduced. This account shows that the defendant at the time he commenced business was indebted to his mother, Mrs. C. A. Powell, in the sum of $4818.75.  This, with the interest, was due, and it was the consideration of the bill of sale.  Not a word of testimony was introduced to show fraud in the conveyance of the land to M. F. Powell.  The testimony of Peyton was wholly insufficient to impeach the sale of the stock of goods.

The appellants wholly failed to make out a case, and the court properly instructed the jury to find for the defendant.  Giving the greatest weight possible to plaintiffs' testimony, it did nothing more than raise a suspicion, and upon this they were not entitled to a verdict.  *Tuteur* v. *Chase*, 66 Miss. 476.

2. After verdict for defendant, the statute provides that an appeal shall be taken within five days in order to preserve the lien of the attachment.  Code 1880, § 2435.

The failure to prosecute the appeal within five days discharged the attachment, and released the claimant.  *Pfifer & Dreyfus* v. *Hartman*, 60 Miss. 508.

Section 3 of the act of 1884 provides that when a plea in abatement in an attachment case shall be found for the defendant, the suit as well as the writ shall abate.  Laws 1884, p. 77.  The failure to prosecute an appeal within five days discharges the attachment under the above section of the code; and, under the act of 1884, the suit itself went with it.  There was no judgment on the merits in the circuit court; this appeal is from the judgment discharging the attachment.  This court, therefore, has no jurisdiction of the case, and must either affirm the judgment or dismiss the appeal.

WOODS, C. J., delivered the opinion of the court.

It is contended for appellee that the attachment herein is dis-

charged and the property levied upon released, for the reason that the appeal was not perfected within five days after the expiration of the term of the court at which the judgment was rendered; and, furthermore, that, under the provisions of section 3, chapter 64, acts of the legislature of 1884, entitled "An act relating to damages in attachment cases," the suit itself has abated, and, hence, that we can only dismiss the appeal. We think this contention in its entirety is not maintainable.

On an examination of section 2435, code of 1880, and of section 3 of the act of 1884, just referred to, it is manifest that by the delay of more than five days in perfecting the appeal after the expiration of the term of the court at which judgment was rendered discharging the attachment, the attachment has been discharged and the property levied upon has been released. The right to proceed *in rem*, in this action, clearly has been lost, but the right to proceed, *in personam*, in this dual form of action, still survives. The judgment on the defendant's plea of abatement traversing the grounds of the attachment, declaring the wrongfulness of the suing out of the attachment, will discharge the attachment and release the seized property, if not appealed from within five days, and, if acquiesced in and unappealed from altogether, it will also abate the suit itself. The appellants have lost their right to proceed further against the property levied upon by their failure to perfect their appeal within the statutory period of five days, but they have not, by such delay, lost their right of appeal to this court for the purpose of testing the correctness of the judgment of the lower court which pronounced the attachment wrongfully sued out. It is certain that the general right of appeal to this court was not intended to be taken away or impaired by either the section of the code, or the legislative enactment, hereinbefore cited. The unsuccessful plaintiffs below may appeal from that, as from any other judgment, and if the same shall be reversed, they may then proceed in their action for a personal judgment.

The right to this appeal being thus shown, we are now to examine the correctness of the judgment of the court below in holding the attachment to have been wrongfully sued out. That judgment

was upon a verdict which the court had peremptorily instructed the jury to find for the defendant on his plea in abatement, and the inquiry is, was this action of the court warranted ?

If there was no evidence in the case upon which a verdict in favor of the plaintiffs, and against the wrongfulness of the suing out of the attachment, might have been based ; or, in other words, if the evidence was such that this court would not have permitted a verdict for plaintiffs to stand, if one had been rendered on the plea in abatement in the court which tried the issue, then the action of the court in peremptorily instructing for the defendant was correct.    Otherwise, the ruling complained of was error.

Was there, then, any evidence which supported, or tended to support, the grounds of the suing out of the attachment, and on which the jury might have found for the plaintiffs ?   If there was such evidence, then it should have been submitted to the jury for its consideration and determination.

An examination of the evidence constrains us to the opinion that there was such proof before the trial court, and we are therefore of the further opinion that the jury should have been permitted to pass upon the sufficiency of the testimony introduced to support the attachment.

Desiring to be clearly understood as intimating no opinion touching the weight of any part, or of all of the evidence, we content ourselves by saying, that the sale by appellee and the other joint owner of fifteen hundred acres of land to appellee's wife, and the retention in his possession, presumptively, of his part of the purchase-money paid, to wit, five hundred dollars, against the right of his creditors to have it appropriated to the payment of their demands ; the appellee's statement to the effect that he could pay the debt, represented by the witness Mims, but that he preferred to wait a short time, when he would have money coming to him from a certain draft, and that he would then pay, coupled with the fact that he did not so pay ; the sale of the stock of goods, and the cotton on hand, to appellee's mother within a few days after the sale of the lands to his wife, in payment, as was alleged, of his note in

favor of his mother for $4858.79 ; the testimony of J. W. Peyton showing from appellee's mercantile books of account, among other things, that the mother was credited on said books with one note only of $4500, and that on January 28, 1888, the mother was given credit for $456.08, interest on that note, yet, that in September of the same year, the appellee was made debtor to his mother in the further sum of $852.61, interest to date ; all these, we say, were matters in evidence which should have been submitted to the jury, under proper instructions, for their consideration and determination in arriving at a conclusion as to the wrongfulness of the suing out of the attachment.

We repeat, we are making no intimation as to the value of this evidence, but, seeing it here plainly before us, we are constrained to declare, in our opinion, that the peremptory instruction should not have been given for the defendant, but that the whole case, on the issue tried, should have been given to the jury.

It follows that the attachment is discharged and the property levied upon is released, but that the appellants are entitled to a new trial in accordance with these views, and the judgment is, therefore,

*Reversed and cause remanded.*